IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO.  BK03-84133 |
| | ) | |
| QUEEN ESTHER HILL, | ) | CH. 13 |
| | ) | |
| Debtor(s). | ) | Filing No. 13, 17 |

<u>ORDER</u>

      Hearing was held in Omaha, Nebraska, on June 28, 2005, regarding Filing No. 13, Motion for Relief from Stay, filed by Ameriquest Mortgage Company, and Filing No. 17, Resistance, filed by the debtor.  Thalia Carroll appeared for the debtor and Eric Lindquist appeared for Ameriquest Mortgage Company.

      Ameriquest Mortgage Company has filed a motion for relief from the automatic stay.  The motion asserts that the debtor is delinquent for payments due from April 1, 2005, and thereafter.  However, at the hearing held today, it became apparent that on or about the day the motion was filed, the creditor had received the April, May, and June payments via postal money orders.  The creditor returned two of the payments to counsel for the debtor and proceeded with the hearing today.

      At the hearing, it was also pointed out that the creditor, in order to settle the motion for relief, insists upon receiving from the debtor not only the allegedly delinquent payments, but unexplained accrued late charges of $226.38; post-petition attorney fees and costs of $980; BPO fees, unexplained, in the amount of $170; and property inspection fees in the amount of $170.  In other words, this creditor claims more than $1,500 in costs must be paid by this debtor because the debtor became delinquent.

      None of the costs referred to above have been explained.  It is incredible to this court that a creditor would even contemplate being awarded such charges, particularly without presenting any evidence supporting the creditor's right to such charges.  There is no evidence before this court regarding, and this court does not believe that the creditor incurred, BPO fees, whatever they are, in the amount of $170, and property inspection fees in the amount of $170, plus accrued late charges in the amount of $226.38 simply as a result of a payment delinquency which began no earlier than April 1, 2005.  In addition, the post-petition attorney fees and costs of $980 are totally unexplained.  It may be true that the creditor has a right to attorney fees incurred as a result of filing a motion for relief from the automatic stay.   Any other attorney fees which a creditor claims should be either included in a proof of claim or specifically requested by motion, other than a motion for relief from the automatic stay.

      Because this creditor was fully paid on the delinquency by June 3, 2005, the motion for relief is denied.

      If this creditor finds it necessary to file another motion for relief in this case, and desires to claim any costs similar to those listed in the affidavit at Filing No. 18, this creditor is required to

provide significant detail concerning the date such charges were incurred, the reason for the charges, and the authority for making such charges. If this creditor files a motion for relief from the automatic stay in any other case in this jurisdiction and desires to collect similar charges, similar detail will be required.

      SO ORDERED.

      DATED this 29th day of June, 2005.

                                BY THE COURT:

                                /s/ Timothy J. Mahoney
                                Chief Judge

Notice given by the Court to:
      Thalia Carroll
      *Eric Lindquist
      Kathleen Laughlin
      U.S. Trustee

*Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.